```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X              For Online Publication Only
SWINTON BROWN,

                        Plaintiff,
                                                                               MEMORANDUM &
                                                                               ORDER
                -against-                                                      16-CV-1654 (JMA) (SIL)

DENISE FRANCINE MOLIA, in her official                                         FILED
and individual capacity, STEVEN R. SCHLESINGER,                                CLERK
in his official and individual capacity,
                                                                               3/9/2017 9:47 am
                        Defendants.
                                                                               U.S. DISTRICT COURT
----------------------------------------------------------------X              EASTERN DISTRICT OF NEW YORK
                                                                               LONG ISLAND OFFICE
```

**AZRACK, United States District Judge:**

Pro se plaintiff Swinton Brown brings this action, asking the Court to review and reverse the judgment of a state court foreclosure proceeding. Specifically, plaintiff contends that defendant Denise Molia, a state court judge in Suffolk County Supreme Court, wrongfully awarded fees to defendant Steven Schlesinger, who Molia appointed as referee in a foreclosure action arising out of plaintiff's mortgage. Both defendants have moved to dismiss plaintiff's complaint in its entirety, arguing, among other things, that this Court lacks subject matter jurisdiction.[1] Additionally, defendant Schlesinger has requested that the Court enter a filing injunction against plaintiff. For the reasons that follow, the Court grants defendants' motions to dismiss and denies defendant Schlesinger's request for a filing injunction.

## I. BACKGROUND

The following facts are taken from plaintiff's complaint, the record before the Court, and filings from related suits that were filed in state and federal court. The Court may take judicial

---

[1] In response, plaintiff moves to strike defendants' motions to dismiss. The Court treats plaintiff's motions to strike as oppositions to defendants' motions to dismiss and analyzes them accordingly.

1

notice of court filings. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). Furthermore, because defendants' motions challenge this Court's subject matter jurisdiction, the Court may consider material outside of the pleadings. Brown v. Wells Fargo Bank N.A., No. 13-CV-3258, 2014 WL 1248022, at *2 (E.D.N.Y. Mar. 24, 2014) (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).

On March 24, 2010, Wells Fargo Bank N.A. commenced an action against plaintiff to foreclose on a mortgage on plaintiff's property located in Bay Shore, New York.[2] That action was filed in New York Supreme Court, Suffolk County and assigned to defendant Judge Denise Molia. On May 31, 2012, by Order of Reference in Mortgage Foreclosure, Judge Molia appointed defendant Steven Schlesinger as referee to compute the amount due on the mortgage. On December 10, 2012, based in part on Schlesinger's report as referee, Judge Molia entered a Judgment of Foreclosure and Sale on plaintiff's property.

On December 31, 2012, plaintiff filed an order to show cause before Judge Molia, requesting to set aside the sale of his property on the grounds that Schlesinger had "failed to state the correct amount of the mortgage owed [in his report] . . . ." Brown, 2014 WL 1248022, at *1. Judge Molia denied the motion. In response, plaintiff filed a complaint in federal court in the Eastern District of New York against, among others, Schlesinger (hereinafter referred to as "Brown I"). In this complaint, plaintiff asked the federal court to reverse the judgment of foreclosure entered by the state court on the grounds that Schlesinger had "submitted computation report showing irregularity for a judicial sale with inaccurate amount of Plaintiff's Mortgage . . . ."

---

[2] Unless otherwise noted, the following facts are taken from Judge Sandra J. Feuerstein's dismissal orders in Brown v. Wells Fargo Bank N.A., No. 13-CV-3258, 2014 WL 1248022, at*1 (E.D.N.Y. Mar. 24, 2014), Brown v. Wells Fargo Bank N.A., No. 13-CV-3258, 2014 WL 1875083, at *1 (E.D.N.Y. May 8, 2014), and the cited state court decisions.

Id. On March 24, 2014 and May 8, 2014, in two separate decisions, Judge Sandra J. Feuerstein dismissed plaintiff's complaint in its entirety on the grounds that the federal court lacked subject matter jurisdiction to review, what was in substance, an appeal from the state court judgment of foreclosure. Judge Feuerstein's decisions were affirmed by the Second Circuit by summary order. Brown v. Wells Fargo Bank N.A., 605 F. App'x 58, 58 (2d Cir. 2015).

After Judge Feuerstein's orders were affirmed, Schlesinger filed an application before Judge Molia in state court, seeking to recover additional fees related to his defense of the federal action. Wells Fargo Bank, N.A. v. Brown, Index No. 11380-10, at *1 (N.Y. Sup. Ct. Jan. 12, 2016). In an order dated January 12, 2016, Judge Molia reserved decision on Schlesinger's application pending a hearing. Id. at *1–2. Judge Molia held the hearing on March 29, 2016. (Compl. ¶ 32, ECF No. 1.) At the hearing, plaintiff was permitted an opportunity to present evidence and cross-examine Schlesinger. (Id.) The state court docket reflects that Judge Molia has yet to issue a judgment regarding Schlesinger's application for additional fees.

On April 5, 2016, plaintiff filed the instant complaint against defendants Judge Molia and referee Schlesinger (hereinafter referred to as "Brown II"). (ECF No. 1.) In his complaint, plaintiff appears to ask the Court to reverse the state court's January 12, 2016 Order, which allegedly caused irreparable harm to plaintiff "by compensating unearned attorney fees to Defendant Steven R. Schlesinger." (Id. ¶ 2.) Both defendants now move the Court to dismiss the complaint pursuant to, among other things, Federal Rule of Civil Procedure 12(b)(1). Defendants argue that this Court lacks subject matter jurisdiction to hear this case. Additionally, defendant Schlesinger asks the Court to impose a filing injunction on plaintiff, arguing that Brown I and Brown II have resulted in an abuse of court process.

3

## II.  DISCUSSION

### A.  <u>Standard for Motion to Dismiss</u>

A court should grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction if the court is not authorized to adjudicate the plaintiff's claims.  See <u>Makarova</u> v. <u>United States</u>, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.").  The party asserting subject matter jurisdiction has the burden of proving its existence by a preponderance of the evidence.  <u>Id.</u>  In determining whether subject matter jurisdiction exists, a court may look to evidence outside the complaint.  See <u>Kamen</u>, 791 F.2d at 1011.

When faced with a <u>pro se</u> complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests."  <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted).

### B.  <u>This Court Lacks Subject Matter Jurisdiction</u>

Plaintiff contends that this Court has jurisdiction to hear his claim pursuant to 28 U.S.C. §§ 1331, 1651, 2201–02, the United States Constitution, and two Declarations promulgated by the United Nations.  (Compl. ¶¶ 5–8.)  Defendants argue that this Court lacks subject matter jurisdiction because 28 U.S.C. §§ 1651, 2201–02 are not independent sources of jurisdiction and the United Nations's Declarations do not raise federal questions.

The Court agrees with defendants.  Federal subject matter jurisdiction exists only where: (1) the plaintiff and the defendants are diverse and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332; or (2) a federal question is presented, 28 U.S.C. § 1331.

Even when read liberally, the complaint fails to assert any grounds for diversity jurisdiction

4

under 28 U.S.C. § 1332.  The parties do not appear to be diverse, and plaintiff has not alleged to the contrary.

The complaint also fails to provide any basis for federal question jurisdiction under 28 U.S.C. § 1331.  The Court has reviewed the complaint and is unable to discern any federal claims from the allegations contained therein.  Furthermore, the "laundry list of statutes" cited by the plaintiff, fails to cure this deficiency.  See Charlesetta O'Neal: Bey v. Municipal Credit Union, No. 16-CV-438, 2016 WL 880171, at *2 (E.D.N.Y. Mar. 1, 2016).  Section 1651 of title 28 of the United States Code (the "All Writs Act") authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."  "[I]t is well-settled," however, "that the All Writs Act is not an independent source of a federal court's jurisdiction."  Covanta Onondaga Ltd. v. Onondaga Cty. Res. Recovery Agency, 318 F.3d 392, 395 (2d Cir. 2003).  Similarly, 28 U.S.C. §§ 2201, 2202 (the "Declaratory Judgment Act") are not independent sources of federal jurisdiction.  Rather, the Declaratory Judgment Act merely creates a remedy which a federal court may use in a case where jurisdiction is already established.  28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, . . ."); Warner-Jenkinson Co. v. Allied Chem. Corp. 567 F.2d 184, 186 (2d Cir. 1977) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, does not independently create federal jurisdiction.").  Lastly, the United Nations's Declarations do not raise federal questions because they do not require this Court to question the interpretation or application of federal law.  See Charlesetta O'Neal: Bey, 2016 WL 880171, at *2 ("There does not appear to be any relation, nor does the plaintiff posit one, between a possible dispute over mortgage payments and . . . the

5

United Nations Rights of Indigenous People [and] the United Nations Declaration of Human Rights . . . .")

Because plaintiff has failed to allege (1) that the parties are diverse; or (2) any federal claim or question, this Court lacks subject matter jurisdiction to hear the dispute. Accordingly, the Court grants defendants' motions to dismiss the complaint in its entirety.

### C. Plaintiff's Complaint Fails on Its Own Terms

Defendants also argue that the Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine or, in the alternative, that the Court should abstain from hearing this case pursuant to the Younger abstention doctrine. The Court does not need to determine whether these doctrines apply because, as discussed above, this Court lacks subject matter jurisdiction to hear plaintiff's case. Furthermore, the Court notes that plaintiff's complaint fails on its own terms to the extent plaintiff seeks to appeal a judgment that has not yet been entered.

Plaintiff alleges that on January 12, 2016, the state court awarded Schlesinger additional referee's fees. Plaintiff asks the Court to review and reverse this award. The Court has examined the state court record and finds, contrary to plaintiff's allegations, that no judgment has been entered awarding Schlesinger additional referee's fees. It would, thus, be impossible to grant the requested relief because a court cannot reverse a judgment that has not been entered. Accordingly, plaintiff's claim fails on its own terms and must be dismissed in its entirety.

The Court has considered the remainder of plaintiff's arguments and finds them to be without merit.

### D. Defendant Schlesinger's Request for a Filing Injunction

Additionally, defendant Schlesinger asks the Court to enter a filing injunction against plaintiff, that would enjoin plaintiff from filing any new lawsuits related to the state court

6

foreclosure action without prior leave from the Court. Specifically, Schlesinger argues that plaintiff has abused court process by repeatedly initiating "meritless, frivolous, vexatious, or repetitive . . . proceedings." Davey v. Dolan, 453 F. Supp. 2d 749, 755 (S.D.N.Y. 2006) (quoting In re Hartford Textile Corp., 659 F.2d 299, 305 (2d Cir. 1981)). In determining whether an injunction is warranted, a court considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Id. (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

The Court declines to impose a filing injunction at this time. First, there is nothing in the record to suggest plaintiff filed his federal lawsuits in bad faith or with intent to harass the defendants. See Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989). Although this is plaintiff's second attempt to appeal a decision related to the state court foreclosure proceedings, the issue plaintiff attempts to challenge here (i.e., referee's fees) is distinct from the issue challenged in his first federal case before Judge Feuerstein (i.e., the judgment of foreclosure). Additionally, the Court notes that plaintiff is pro se, which "weighs against imposition of a filing injunction . . . ." Commins v. Habberstad BMW, No. 11-CV-2419, 2012 WL 956185, at *10 (E.D.N.Y. Mar. 20, 2012). The Court recognizes that the concept of subject matter jurisdiction—in particular, that lower federal courts lack the power to hear appeals of state court judgments—may be difficult for a lay person to conceptualize. It is possible that plaintiff did not understand that the principle which barred his first lawsuit would bar other lawsuits based on different issues subsequently decided by the state court. See Maduakolam, 866 F.2d at 56 ("While it is true that

7

Rule 11 applies both to represented and pro se litigants, the Court may consider the special circumstances of litigants who are untutored in the law."); cf. Commins, 2012 WL 956185, at *10 (finding it "entirely possible" that plaintiff did not understand res judicata effect of state court judgment on federal lawsuit). Accordingly, the Court finds that a filing injunction is not warranted at this time.

Plaintiff, however, is cautioned that if he commences any further legal action attempting to appeal decisions related to the state court foreclosure proceedings to the federal courts, the Court may issue a filing injunction against him.

### III.  CONCLUSION

For the reasons stated above, defendants' motions to dismiss the complaint are granted and defendant Schlesinger's request for a filing injunction is denied. The Clerk of Court is directed to close this case and to send a copy of this Order to the pro se plaintiff.

**SO ORDERED**.

Date:   March 9, 2017
        Central Islip, New York

            /s/ (JMA)
            Joan M. Azrack
            United States District Judge