UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SWINTON BROWN,

                         Plaintiff,

            -against-

DENISE FRANCINE MOLIA, in her official
and individual capacity, STEVEN R. SCHLESINGER,
in his official and individual capacity,

                     Defendants.
----------------------------------------------------------------X

**For Online Publication Only**

**MEMORANDUM & ORDER**
16-CV-1654 (JMA) (SIL)

FILED
CLERK
5/9/2017 12:20 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is plaintiff Swinton Brown's Rule 60(b)(6) motion to vacate the Court's Memorandum & Order dated March 9, 2017, granting defendants' motions to dismiss the complaint in its entirety. For the reasons that follow, the Court denies Brown's motion.

Federal Rule of Civil Procedure 60(b) permits a district court, in its discretion, to vacate a final judgment. The Rule provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).[1] Application of Rule 60(b)(6) is only appropriate "when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue

---

[1] Even if the Court were to construe plaintiff's motion as a motion for reconsideration brought pursuant to Local Rule 6.3, as defendant Denise Molia suggests, the Court would still adhere to its prior judgment. The standard for reconsidering a prior judgment is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration should be denied unless there has been an intervening change in controlling law, evidence has become newly available, or there is a need to correct a clear error or prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). The Court finds that none of these conditions are present, and plaintiff does not even attempt to argue to the contrary. Rather, plaintiff renews his merits argument, which the Court already considered and rejected in its March 9 Order. Because reconsideration is not appropriate where a movant seeks simply to relitigate an issue already decided, Shrader, 70 F.3d at 257, the Court declines to reconsider its prior judgment.

1

hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986) (internal citations omitted).

Plaintiff does not argue that extraordinary circumstances exist. Nor does he contend that the Court's judgment may work an extreme and undue hardship on him. Rather, plaintiff renews his arguments, already raised in his briefing on the underlying motion, on the merits of his claim. The Court has already considered and rejected plaintiff's argument that the Declaratory Judgment Act alone establishes subject matter jurisdiction in this case. In the absence of extraordinary circumstances and a suggestion that this ruling may affect an extreme and undue hardship on the plaintiff, the Court declines to revisit its prior decision.

Accordingly, the Court denies plaintiff's Rule 60(b)(6) motion. The Clerk of Court is directed to send a copy of this Order to the pro se plaintiff.

**SO ORDERED.**　　　　　　　　　　　　　　　　/s/ JMA\_\_\_\_ _____
　　　　　　　　　　　　　　　　　　　　　　　　Joan M. Azrack
Dated: May 9, 2017　　　　　　　　　　　　　　United States District Judge
　　　Central Islip, New York